**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **LEON CREER** and **NAKETA McPHERSON**, <br><br> Plaintiffs <br><br> v. <br><br> **CAMDEN COUNTY,** *et al.*, <br><br> Defendants | Civ. No. 18-1230 (RMB-AMD) <br><br><br> **OPINION** |

APPEARANCES:

Stephen Eric Raymond, Esq.
RAYMOND COLEMAN HEINOLD, LLP
325 New Albany Road
Moorestown, NJ 08057
    On behalf of Plaintiffs

Howard Lane Goldberg, Esq.
OFFICE OF CAMDEN COUNTY COUNSEL
520 Market Street
Courthouse – 14th Floor
Camden, NJ 08102-1375
    On behalf of Defendants

**BUMB,** United States District Judge

    This matter comes before the Court upon Defendants Camden County, Camden County Correctional Facility ("CCCF"), Camden County Department of Corrections and Warden David S. Owens' ("the Camden County Defendants") motion for summary judgment (Mot. for Summ. J., ECF No. 15; Camden County Defs' Brief, ECF No. 15-1); Plaintiffs' Brief in Opposition to the Camden County Defendants'

Motion for Summary Judgment (Pl's Opp. Brief, ECF No. 18); Reply Brief in Further Support of Motion of the Camden County Defendants for Summary Judgment (Defs' Reply, ECF No. 19); Plaintiffs' Surreply (Pls' Surreply, ECF No. 20); and the Camden County Defendants' Response to Surreply (Defs' Response to Surreply, ECF No. 23.) Pursuant to Local Civil Rule 56.1(a), the Court dismisses the motion for summary judgment because the Camden County Defendants failed to file a Statement of Material Facts Not in Dispute in support of their motion for summary judgment.

I. BACKGROUND

Plaintiffs filed their original complaint on September 28, 2016 in the Superior Court of New Jersey, Law Division, Camden County, alleging CCCF staff and supervisors denied Plaintiff Creer access to proper medical care, and that the inadequate medical care provided to Creer at CCCF caused him irreparable harm. (Camden County Defs' Brief, Ex. I, ECF No. 15-13 at 4.) On June 14, 2017, in state court, the Camden County Defendants filed a motion to dismiss the complaint based on Plaintiffs' failure to file an affidavit of merit pursuant to N.J.S.A. 2A:53A-29. (Camden County Defs' Brief, ECF No. 15-1 at 12.) Plaintiffs filed a cross-motion for leave to file an amended complaint to assert civil rights violations pursuant to 42 U.S.C. § 1983 and N.J.S.A. 10:6-2(e). (Id.) The state court denied Defendants' motion to dismiss and granted Plaintiffs' motion to amend. (Id.) Plaintiffs filed an

amended complaint on January 12, 2018, which Defendants removed to federal court after engaging in discovery. (Camden County Defs' Brief, ECF No 15-1 at 12.)

II. THE AMENDED COMPLAINT

Plaintiffs to this action are Leon C. Creer and his alleged spouse, Naketa McPherson. (Am. Compl., ECF No. 1-4 at 2, ¶¶1-2.) The defendants are Camden County, Camden County Correctional Facility, T.R.I.–TELE. TECH., LLC (d/b/a Paintball Invasion), John Doe 1-10 and ABC, Inc. 1-10. (Id. at 2-3, ¶¶3-7.) Warden David S. Owens and Camden County Department of Corrections are named as defendants in the caption of the amended complaint, although they are not named under the heading "Parties" in the body of the amended complaint. (Id., at 2-3.)

Plaintiffs make the following factual allegations. Plaintiff Creer was hit in the hand while playing paintball at Paintball Invasion on September 28, 2014. (Id. at 3, ¶¶8-12.) The next day, Plaintiff Creer went to the emergency room at Kennedy Hospital in Stratford, New Jersey, where he was diagnosed with cellulitis, a skin infection, and treated with an antibiotic. (Id., ¶¶13-14.) His finger was x-rayed and splinted. (Id. at 4, ¶15.) Per his discharge instructions, he returned to the emergency room on September 30, 2014, where his abscessed finger was drained. (Id., ¶¶16-17.) Plaintiff Creer was instructed to follow up with a specialist. (Id., ¶18.)

On October 2, 2014, Plaintiff Creer was arrested and remanded to CCCF. (Id., ¶19.) Upon admission to CCCF on October 3, 2014, Plaintiff Creer advised staff of his medical condition and need for follow up with a specialist. (Id., ¶¶20-21.) CCCF received his records from Kennedy Hospital. (Id., ¶22.) Plaintiff Creer's splint was replaced at CCCF but he was not given his prescribed antibiotics. (Id., ¶¶24-25.)

Plaintiff Creer continually complained to CCCF staff, verbally and in writing, that he needed to see a specialist and his finger was getting worse. (Id. at 5, ¶¶26-28.) On October 31, 2014, CCCF medical staff recommended that Plaintiff Creer see a specialist at Cooper University for a surgical consult, but the appointment was not scheduled. (Id., ¶¶29-30.) Plaintiff McPherson sent an e-mail to Warden David Owens on November 24, 2014, to ask why her husband had not yet seen a specialist. (Id., ¶31.)

Plaintiff Creer saw a specialist at Cooper Medical on December 22, 2014, and the specialist recommended amputation. (Id., ¶32.) Plaintiff Creer received a second opinion from Dr. John Taras at Philadelphia Hand Center, who offered to do exploratory surgery but felt that amputation would likely be necessary. (Id., ¶34.) Plaintiff Creer posted bail on February 5, 2015. (Id., ¶35.)

Count One is alleged against T.R.I.-TELE. Tech., L.L.C., who is not a party to the present summary judgment motion. (Id. at 6, ¶¶36-38.) Count Two is alleged against all remaining defendants.

4

(Am. Compl., ECF No. 1-4 at 7, ¶¶39-45.) In Count Two, Plaintiffs allege: (1) CCCF staff had a duty to provide Plaintiff Creer with adequate medical care; (2) Plaintiff Creer informed CCCF medical staff of his condition and provided medical records from Kennedy emergency room; (3) CCCF staff and supervisors denied Plaintiff Creer access to proper medical care; (4) despite Creer's written grievances and verbal complaints, he was not brought to a hand specialist within a reasonable amount of time; (5) the delay in bringing him to a hand specialist caused him irreparable harm; and (6) the inadequate care Plaintiff Creer received at CCCF caused him irreparable harm. (Id.)

In Count Three, Plaintiffs allege the lack of medical treatment within CCCF violated Plaintiff Creer's civil rights. (Id. at 8, ¶47.) Plaintiffs allege "[t]his suit is brought under 42 U.S.C.A. § 1983." (Id., ¶50.) In Count Four, Plaintiffs allege the lack of medical treatment within CCCF violated Plaintiffs' civil rights, and "[t]his suit is brought under N.J.S.A. 10:6-2(c)." (Id. at 8-9, ¶¶54-55.) In Count Five, Plaintiffs allege Naketa McPherson is Plaintiff Creer's wife and due to Defendants' negligence, she has been deprived of the care, services, companionship and consortium of her husband, Leon Creer. (Id. at 9, ¶¶56-59.)

III. NONCOMPLIANCE WITH LOCAL CIVIL RULE 56.1(a)

This Court's Local Civil Rule 56.1(a) provides:

> (a) Statement of Material Facts Not in Dispute
>
> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed. The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion. In addition, the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition. The movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers. Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.

The Camden County Defendants, in support of their motion for summary judgment, did not submit a Statement of Material Facts Not in Dispute in compliance with Local Civil Rule 56.1(a). Therefore, the Court will dismiss the motion for summary judgment without prejudice, subject to reopening upon submission by the Camden County Defendants of a Statement of Material Facts Not in Dispute,

in compliance with Local Civil Rule 56.1(a), filed within thirty days of the accompanying Order.

IV. CONCLUSION

For the reasons discussed above, the Court will dismiss Defendants' motion for summary judgment without prejudice.

An appropriate Order follows.

Date: September 10, 2019

                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**